IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3003 |
| | ) | |
| MICHAEL FARMER, RAY WILLIS, | ) | |
| MICHAEL McAFEE, and | ) | |
| CAPITAL TOWNSHIP ASSESSOR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Combined Motion to Dismiss filed by Defendant Michael J. Farmer and by the Office of Planning and Economic Development (OPED). Farmer is the Director of OPED.

### FACTS ALLEGED IN THE COMPLAINT

The Complaint (d/e 1) alleged that OPED had a program to help people have their homes repaired at no cost, provided the homeowner remained in the home for five years. Plaintiff alleged the federal government helped to fund the program.

After enrolling in the program, Plaintiff's real estate tax assessment increased, which caused his mortgage payment to increase. Plaintiff lost his home through a foreclosure. The attachments to the complaint suggested that the real estate taxes increased because a building permit was filed, but the work had never actually been performed. Plaintiff successfully disputed the tax increase and the overpaid real estate taxes were refunded.

## ANALYSIS

The Court first notes that a summons was issued only to Michael J. Farmer, Director of OPED, and no summons was issued to OPED. See d/e 6. Attorneys Mark Cullen and Angela Fyans-Jimenez entered their appearance on behalf of Farmer. See d/e 10, 13. However, service upon Farmer was made by leaving a copy of the summons and complaint with "John Rogers Fiscal Officer," which suggests service was made on OPED. Only Farmer answered the Complaint. See d/e 20. Therefore, it is not entirely clear to the Court whether Plaintiff has sued both Farmer and OPED.

In any event, after Farmer answered the Complaint (d/e 20), he and OPED filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See d/e 23; see also, e.g.,Chicago Police Sergeants Ass'n v. City of Chicago, 2010 WL 3526486, at *3 (N.D. Ill. 2010) (a Rule 12(b)(6) motion to dismiss brought after the answer has been filed is treated as a motion for judgment on the pleadings pursuant to Rule 12(c) (citing cases)).  Farmer and OPED assert that the complaint fails to allege separate claims against Farmer and OPED, is vague and ambiguous, and does not allege how federal jurisdiction is proper.

In his response, Plaintiff, who is proceeding pro se, noted that he applied for help from OPED to repair his home.  The program was supposed to be free so long as Plaintiff lived at the property for five years after the completion of the repairs.  For the first time, Plaintiff alleges that he is a Black African American and that OPED and Farmer:

> DID NOT W[A]NT ME THE PLAINTIFF TO
> GET MY HOME REPAIRED FOR FREE
> WITHOUT MAKING PROBLEMS FOR ME
> THE PLAINTIFF[.] THEY THE DEFENDANTS
> WAS VERY RACIST TO ME THE PLAINTIFF[.]
> I AM A BLACK MALE AND I HAD MY OWN

HOME.

In light of the confusion regarding whether Plaintiff is suing Farmer and OPED and Plaintiff's new allegations alleging some type of racial discrimination, the Court finds that the most prudent course would be to allow Plaintiff to file an amended complaint. The Court will treat Plaintiff's response as a motion for leave to file an amended complaint.

When drafting his amended complaint, Plaintiff should keep in mind that Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a concise statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8. Plaintiff should state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); <u>Mutesha v. Zebra Technologies Corp.</u>, 1996 WL 361553, at *1 (N.D. Ill. 1996) (directing the plaintiff to file an amended complaint that corrects the problems, including the plaintiff's failure to list his averments in numbered paragraphs).

Plaintiff is further advised that the amended complaint must stand

complete on its own, without reference to the original complaint. Plaintiff must clearly list each defendant he intends to sue and state what he is accusing each Defendant of doing.[1] Plaintiff may not, however, rename the Capital Township Assessor because his motion for leave to file a complaint against that entity has been denied. See Text Order of June 5, 2012.

CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 23) is DENIED. Plaintiff's response to the Motion to Dismiss is treated as a motion for leave to file an amended complaint. Plaintiff is granted leave to file an amended complaint on or before June 22, 2012.

ENTER: June 5, 2012

FOR THE COURT:

                                 s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's original complaint also named as defendants Ray Willis and Michael McAffee. Those two individuals have never been served. If Plaintiff intends to bring a claim against them, he must again name them in the amended complaint and have them served.