E-FILED
Tuesday, 20 November, 2012 05:06:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ROBERT L. DAVIS, )
)
Plaintiff, )
)
v. ) No. 12-3003
)
CITY OF SPRINGFIELD and )
UNITED STATES OF AMERICA, )
)
Defendants. )

OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Motion to Dismiss Claim Against United States of America (d/e 33) and Amended Motion to Dismiss Claim (d/e 38), which the Court has converted, in part, to Motions for Summary Judgment. For the reasons that follow, the Motions are GRANTED IN PART and DENIED IN PART.

I. FACTS

On January 3, 2012, Plaintiff Robert L. Davis filed a pro se Complaint on a pre-printed form. Plaintiff named several defendants, including Ray Willis and Michael McAfee, two employees of the United

States Department of Housing and Urban Development (HUD) located in Chicago. As is relevant to the instant motions, the Complaint alleged that Willis and McAfee, of the Chicago HUD office, did not help Plaintiff with problems he was having with the Springfield Office of Planning and Economic Development (OPED) program, which was designed to assist individuals with fixing their homes. The problems included an improper increase in Plaintiff's property taxes, which caused his mortgage payment to increase (because his property taxes were escrowed), and ultimately led to the mortgage lender foreclosing on Plaintiff's home. Plaintiff alleged he wrote to the HUD office in Washington, D.C. because he was threatened by McAfee, who said he would "bust me in the chops if he ever see me" and told Plaintiff not to call the office again. See d/e 1.

In May 2012, Plaintiff filed a document which asserted, for the first time, claims of racial discrimination against the other defendants in the case. See (d/e 26). The Court treated Plaintiff's document as a motion for leave to file an amended complaint, which the Court granted.

Plaintiff was directed to file an amended complaint on or before June 22, 2012. See d/e 27. Plaintiff moved for an extension of time (d/e 30), and the Court set the matter for hearing on July 9, 2012. See June 26, 2012 Text Order.

On June 21, 2012, the United States filed a Motion for Substitution of United States as Defendant. See d/e 29. The United States attached thereto a Certification that Willis and McAfee "were within the scope of their office or employment at the time of the incidents that gave rise to the claims against them." See James A. Lewis, Acting U.S. Attorney Certification. (d/e 29-1). The United States asserted that Plaintiff was in fact suing the United States because he alleged wrongdoing by government employees acting within the scope of their employment. See d/e 29, p. 2, citing 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court

shall be deemed an action against the United States"). United States Magistrate Judge Byron G. Cudmore granted the Motion to Substitute the United States for Defendants Willis and McAfee.[1]

On June 29, 2012, the United States filed a Motion to Dismiss (d/e 33) on grounds of improper service and for failure to exhaust administrative remedies. This Court subsequently directed the clerk to prepare the appropriate summons for service on the United States, and the United States has now been properly served. See September 27, 2012 Text Order; d/e 46 (Summons); d/e 47 (Summons returned); d/e 50 (Summons returned).

In the Motion to Dismiss, the United States interprets Plaintiff's complaint as a tort claim intended to be filed under the Federal Tort Claims Act (FTCA). The United States attached to the Motion the Affidavit of Miniard Culpepper, Regional Counsel for the New England Region for the United States Department of Housing and Urban Development. See d/e 33-1

---

[1] At the July 9, 2012 hearing this Court granted Plaintiff until August 9, 2012 to object to the substitution of the United States. Plaintiff did not file an objection.

In the Affidavit, Culpepper states that he is responsible for reviewing and processing of all tort claims filed with HUD pursuant to the FTCA. Affidavit ¶ 2 (d/e 33-1). A search of the files in his office has been conducted. Affidavit ¶ 3 (d/e 33-1). Based on this search, and to the best of his knowledge, Plaintiff has not filed a claim for injury or damages with HUD. Affidavit ¶ 3 (d/e 33-1).

On July 9, 2012, this Court held a hearing on Plaintiff's pending motions and to clarify whether Plaintiff had facts to support his allegations. In response to the United States' assertion that Plaintiff failed to exhaust his administrative remedies, Plaintiff stated that he did complain to HUD and HUD sent him a letter disagreeing with him. This Court gave Plaintiff until August 9, 2012 to file an amended complaint and granted the United States leave to amend its Motion to Dismiss after Plaintiff filed the amended complaint.

On August 6, 2012, Plaintiff filed a "List of Questions" that included Plaintiff's responses to some of the questions asked by the Court at the July 9 hearing. See d/e 35. This Court construed the List

of Questions as Plaintiff's Amended Complaint. August 7, 2012 Text Order. As is relevant to the United States, Plaintiff alleges that:

> HUD Chicago Office would not respond to my letters so I called them[.] I talked to Ray Willis three times[.] [H]e said talk to Michael McAfee[,] he can help you[.] I talked to Michael McAfee about 10 times[.] He never sent me a letter like he said he would do[.] Mr. McAfee did threaten me so I[,] Robert Davis[,] wrote to [the] HUD office in Washington, D.C. because Mr. McAfee said he would bust me in my chops if he ever see me. The U.S. Department of Housing and Urban Development sent me a letter saying they did not agree with me.

See d/e 35. In response to the Court's question asking how each defendant caused Plaintiff to be unable to make his mortgage payment, Plaintiff states: "United State Department of Housing and Urban Development could have don[e] something besides threatening me" and "by mak[]ing mistakes." See d/e 35.

On August 16, 2012, the United States filed an Amended Motion to Dismiss (d/e 38) asserting that Plaintiff failed to provide any facts in support of an allegation of racial prejudice by HUD. The United States also asserts that Plaintiff's FTCA claim must be dismissed for failure to

exhaust administrative remedies.

In support of the Amended Motion to Dismiss, the United States attached two documents. The first is a July 24, 2008 letter to Plaintiff from Manual T. Ochoa, the HUD Deputy Assistant Secretary of Grant Programs in Washington, D.C., which provides, in part, as follows:

> Thank you for your letter of June 12, 2008, regarding the problems you are having with your house. Your letter stated that the City of Springfield made repairs to your house with Community Development Block Grant (CDBG) funds. Partly as a result of this action, Sangamon County's assessment of your home's value increased more than it should have, considering the amount of repairs. By the time the problem was corrected, you had fallen behind in your mortgage payments. Based on your conversation with Stanley Gimont, Acting Director of HUD's Office of Block Grant Assistance, it now appears that the lender has foreclosed. Your letter also expressed complaints about how the Chicago Regional Office of HUD has responded to your concerns.
>
> You are requesting relief in the form of mortgage payments on your behalf from the City of Springfield. You also ask for employment through the city because you subsequently lost your job at Wal-Mart and believe that the city contributed to that problem as well.

See d/e 38-1 (Exhibit 1). The letter also states that the Department's Headquarters office reviewed the situation and that the Department did not "support your claim to such compensation." Id. The letter provides:

> The Headquarters Office has also evaluated the responses provided by the Chicago Regional Office of HUD. While staff there admitted that conversations with you had sometimes become charged, they insisted that they did not make the statements you claim. If anyone did act disrespectfully, the Department apologizes to you. Headquarters has reminded staff in Chicago to conduct themselves professionally at all times.

Id.

The United States also attached to its Amended Motion to Dismiss the affidavit of Willis, the Director of Community Planning and Development at HUD. See d/e 38-1 (Exhibit 2). Willis states that he searched records in the Community Planning and Development Division for complaints by Plaintiff. The sole document found was the July 24, 2008 letter written by Ochoa. Id. Willis states that he also investigated Plaintiff's complaint regarding treatment by McAfee, and Willis found no basis for the complaint. Id.

On August 20, 2012, this Court held a hearing on the United States' Motions to Dismiss. The Court construed Plaintiff's claims against the United States as claims under the FTCA. The Court also construed the United States' Motions to Dismiss as Motions for Summary Judgment on the issue of exhaustion and gave Plaintiff notice that the Court was construing the Motions as ones for summary judgment.[2] See Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Plaintiff was directed to file a response within 30 days, after which the United States had 14 days to file a reply.

---

[2] A court may consider evidence outside the pleadings to determine whether it has subject matter jurisdiction. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). However, the requirement of exhaustion is not jurisdictional. See Glade ex rel. Lundskow v. United States, 692 F.3d 718, 723 (7th Cir. 2012), citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004); see also Palay v. United States, 349 F.3d 418, 424 (7th Cir. 2003) (claim that a plaintiff has failed to exhaust administrative remedies should be dealt with pursuant to Rule 12(b)(6), not Rule 12(b)(1)).

On September 19, 2012, Plaintiff filed a response to the United States' Motions (d/e 43). The United States has not filed a reply.

II. LEGAL STANDARD

As noted, the Court converted the United States' Motions to Dismiss on grounds of exhaustion into motions for summary judgment. "Summary judgment is appropriate when the pleadings and submissions in the record indicate the absence of any genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law." Mercatus Group, LLC v. Lake Forest Hospital, 641 F.3d 834, 839 (7th Cir. 2011). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 252. Facts must be viewed in

the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of the non-movant. See Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010).

The United States' claim that Plaintiff failed to state a claim for racial prejudice by HUD is reviewed under Rule 12(b)(6). Pursuant to Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Fair notice means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and that (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." E.E.O.C. v.

Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555. Moreover, conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

## III. ANALYSIS

### A. Motion to Dismiss Claim of Racial Prejudice By HUD is Granted

In the Amended Motion to Dismiss, the United States first argues that Plaintiff failed to state a claim against the United States relating to any alleged racial prejudice. This Court agrees, and that portion of the Motion is granted.

Other than the nonspecific references to alleged racial prejudice or discrimination by the other defendants (see, e.g., d/e 26), Plaintiff has

not made allegations of racial bias with respect to HUD. In fact, in response to the Court's question asking what each defendant did to make Plaintiff believe that each defendant had a racially discriminatory motive, Plaintiff responded: "Springfield Office of Planning and Economic Development Tax Assessor made mistake because I Robert Davis is a black single male and poor." Amended Complaint (d/e 35). Plaintiff did not mention the United States, HUD, Willis, or McAfee. As the United States notes, Plaintiff has, at most, alleged negligence (failure to assist him) and assault (verbal threat) against the United States. Therefore, Plaintiff has failed to state a claim of racial prejudice against the United States.

B. Motion for Summary Judgment for Failure to Exhaust is Denied

Because Plaintiff asserted tort claims against federal employees acting within the scope of the employment, the claim is deemed a FTCA action against the United States. See 28 U.S.C. § 2679(b)(1); Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-420 (1995) (holding that after the United States is substituted as a defendant, the case falls under

the FTCA); Sobitan v. Glud, 589 F.3d 379, 383 (7th Cir. 2009) (section 2679(b) transforms an action against the employee into an action against the United States). The FTCA permits an individual to sue the United States in federal court

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

A plaintiff may not bring such suit, however, unless he first presented his claim to the appropriate federal agency and the agency denied the claim. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies."). The claim must be presented in writing to the appropriate Federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The plaintiff must then file suit within six months of the

agency's denial of the claim. Id. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

The United States argues that Plaintiff did not file the required administrative claim and, therefore, did not exhaust his administrative remedies. The United States points to Culpepper's affidavit stating that no claim was presented to HUD.

However, the United States also submitted the July 24, 2008 letter from Ochoa, the HUD Deputy Assistant Secretary for Grant Programs, which indicates that Plaintiff sent a letter to HUD, dated June 12, 2008, complaining about how the Chicago Regional Office of HUD responded to Plaintiff's concerns about the City of Springfield. Ochoa's letter indicates that Plaintiff sought relief in the form of mortgage payments from the City of Springfield and asked for employment. Ochoa's letter also indicates that the Headquarters Office investigated Plaintiff's complaint regarding treatment by Chicago Regional Office staff.

Whether Plaintiff's June 12, 2008 would constitute a sufficient administrative claim is unclear. A claim is deemed to have been presented to a federal agency when the agency receives an "executed Standard Form 95 or other written notification of the incident." 28 C.F.R. § 14.2(a). The claim must also demand a sum certain. Id. These are minimal requirements. Charlton v. United States, 743 F.2d 557, 561 (7th Cir. 1984) (per curiam) ("[T]he statutory requirement of 'presenting a claim' merely requires the filing of minimal notice and the setting of a 'sum certain.'").

Without that June 12, 2008 letter, it remains unclear whether Plaintiff provided minimal notice of his claim and requested a sum certain. Viewing the facts in the light most favorable to Plaintiff, however, the July 24, 2008 Ochoa letter suggests Plaintiff did timely present his claim to HUD. Therefore, issues of fact remain whether Plaintiff exhausted his administrative remedies.

The United States has not yet raised the statute of limitations as a defense to this action. This Court notes that it is unclear at this point

whether Plaintiff's June 12, 2008 letter–if it is, in fact, an administrative claim– was filed within two years of accrual of the claim. See 28 U.S.C. § 2401(b).

In addition, for the July 24, 2008 Ochoa letter to constitute a denial of Plaintiff's claim, the letter had to have been sent by registered or certified mail. See 28 U.S.C. § 2401(b) (requiring the denial be sent by certified or registered mail); 28 U.S.C. § 2675(a) (same); 28 C.F.R. § 14.9(same). Some courts have deemed the failure to notify a claimant by registered or certified mail fatal to the United States' claim that the lawsuit was untimely. See Miller v. United States, 741 F.2d 148, 150 (7th Cir. 1984) (finding that the Postal Service's letter was not a final denial where the letter did not deny the claim, the letter was not sent certified or registered mail as required, and the letter did not include the statement required by the Postal Service's administrative rules); Adams v. United States, 658 F.3d 928, 933 (9th Cir. 2011) (agreeing with the Seventh and Fifth Circuit that "the government cannot invoke the FTCA statute of limitations if it failed to comply with the certified or registered

mailing requirement–even if a claimant actually received the notice of denial").

Finally, if the July 24, 2008 Ochoa letter did not constitute a denial of Plaintiff's claim, the statute gives a claimant the option of deeming the failure to respond as a denial. 28 U.S.C. §2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed final denial of the claim for purposes of this section."). Some courts have interpreted § 2675(a) as giving a claimant an indefinite time to file in federal court. See Conn v. United States, 867 F.2d 916, 920-21 (6th Cir. 1989) (finding the six-month period is tolled so long as the claim is not finally denied, reasoning that the agency can simply deny the claim and cause the six-month period to being to run); Green v. Warden, MCC Chicago, 2008 WL 4866329, at *5 (N.D. Ill. 2008) (finding that "[w]hen the agency does not formally deny an administrative tort claim within six months, the claimant may file suit in federal court and may, in effect, wait indefinitely before filing

suit"); but see Miller, 741 F.2d at 150 (finding the plaintiff could exercise her option to deem the inaction as a final decision "at any reasonable time" after the six-month period for sending the final decision expired and finding the plaintiff did so when she filed her original complaint in federal court, after which she had six months to bring a lawsuit against the United States).

In any event, on this record, the United States has not demonstrated as a matter of law that Plaintiff failed to exhaust his administrative remedies. Therefore, dismissal is denied on this basis.

## IV. CONCLUSION

For the reasons stated, the United States' Motion to Dismiss Claim Against United States of America (d/e 33) and Amended Motion to Dismiss Claim (d/e 38), which the Court has converted, in part, to Motions for Summary Judgment, are GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff attempts to allege a racial prejudice or discrimination claim against the United States, such claim is dismissed for failure to state a claim. The United States' motion

for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies is denied. The United States shall answer or otherwise plead on or before December 10, 2012.

ENTER: November 20, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE