IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT L. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-3003 |
| | ) |
| CITY OF SPRINGFIELD and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the United States' Motion to Dismiss Claim Against United States of America (d/e 53). The Motion is GRANTED. Plaintiff's assault claim is barred by the intentional tort exception to the Federal Tort Claims Act (FTCA) because the United States has not waived its sovereign immunity for tort claims "arising out of assault." 28 U.S.C. § 2680(h). In addition, Plaintiff cannot state a claim for negligence under the FTCA. Finally, the statute of limitations bars Plaintiff's claims.

## I.  FACTS

This Court previously set forth the facts alleged in this case in the Court's November 20, 2012 Opinion.  <u>See</u> Opinion (d/e 51) (dismissing any claim of racial prejudice or discrimination against the United States but denying the United States' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies).  To summarize, Plaintiff Robert Davis alleges that Ray Willis and Michael McAfee, two employees of the United States Department of Housing and Urban Development (HUD) located in Chicago, did not help Plaintiff with problems he was having with the Springfield Office of Planning and Economic Development (OPED).  Plaintiff alleges that the OPED program, which was designed to assist individuals with fixing their homes, received federal funding.

Plaintiff alleges that under the OPED program, Plaintiff's property was supposed to be rehabilitated at no cost to Plaintiff if he stayed in the home for five years.  Allegedly due to mistakes by the City of Springfield and the Tax Assessor's office, the property taxes on Defendant's property

for 2005 (assessed in 2006) doubled. Although the error was ultimately corrected and the money refunded, Plaintiff alleges the increase in the taxes caused his mortgage to increase (because his taxes were escrowed). Plaintiff subsequently lost his home through foreclosure.

Plaintiff alleges the HUD office refused to help him. Plaintiff wrote to the HUD office in Washington, D.C. because he was threatened by HUD employee McAfee, who said he would "bust me in the chops if he ever see me" and told Plaintiff not to call the office again. Plaintiff also alleges that HUD "could have don[e] something besides threatening me" and alleges that HUD caused him to be unable to make his mortgage payments "by mak[]ing mistakes." See d/e 35.

On motion of the United States, the United States was substituted as Defendant for Willis and McAfee. See Motion For Substitution of United States as Defendant (d/e 29) (essentially asserting that a suit against the United States is the exclusive remedy for persons with common law tort claims resulting from actions of federal employees taken within the scope of their employment); June 28, 2012 Text Order

granting the Motion For Substitution.  Thereafter, the United States filed motions to dismiss, which this Court converted in part to Motions for Summary Judgment.

In the Motions, the United States argued that Plaintiff failed to follow the administrative procedure required for claims under the FTCA.  The United States also argued that Plaintiff failed to provide any facts in support of an allegation of racial prejudice by HUD.  See Motions (d/e 33, 38).

On November 20, 2012, this Court granted in part and denied in part the United States' Motions.  See Opinion (d/e 51).  Specifically, the Court found that Plaintiff failed to state a claim for racial prejudice or discrimination against the United States.  The Court also found, however, that factual issues remained regarding whether Plaintiff exhausted his administrative remedies.  See Opinion (d/e 51).

On December 7, 2012, the United States filed an Answer to Complaint and Affirmative Defenses (d/e 52).  The affirmative defenses included failure to state a claim, failure to allege sufficient facts, sovereign

immunity, failure to exhaust, statute of limitations, and that HUD had no legal or equitable responsibility to assist Plaintiff.

On December 10, 2012, the United States filed the Motion to Dismiss at issue herein.  The United States seeks judgment in its favor on a number of grounds.  See Motion (d/e 53).  Plaintiff has failed to respond to the United States' Motion.  Therefore, Plaintiff presumably has no objection to the Motion.  See CDIL-LR 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties").

## II.  ANALYSIS

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed.  See Fed.R.Civ.P. 12(c); Brunt v. Serv. Employees Int'l Union, 284 F.3d 715, 718 (7th Cir.2002).  A party may raise "failure to state a claim upon which relief can be granted" by way of a Rule 12(c) motion.  See Fed.R.Civ.P. 12(h)(2)(B).  Judgment on the pleadings pursuant to Rule 12(c) is also appropriate where a claim is barred by the

statute of limitations.  See, e.g., Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (noting that a motion to dismiss on a statute of limitations ground is usually brought as a motion for judgment on the pleadings under Rule 12(c)).

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions.  Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989).  That is, the Court must view the facts in the light most favorable to the plaintiff.  Thomason, 888 F.2d at 1204.  Further, a Rule 12(c) motion should not be granted unless it appears "beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  Thomason, 888 F.2d at 1204; see also, e.g., In re Harley-Davidson, Inc. Securities Litigation, 660 F. Supp. 2d 953, 956-57 (E.D. Wis. 2009) (noting that the "essence of a Rule 12(b)(6) motion . . . is that even assuming all of the facts presented are accurate, he has no legal claim").

As noted above, Plaintiff's complaint against the United States is that (1) McAfee said he would "bust [Plaintiff] in the chops if he ever see

[Plaintiff]"; and (2) HUD "could have don[e] something besides threatening [Plaintiff]" and "by mak[]ing mistakes." See d/e 35. The United States has interpreted those claims as a claim for assault and negligence. The United States argues that Plaintiff's claims are barred because (1) there is no waiver of sovereign immunity against the United States for violations arising out of assault, (2) Plaintiff has failed to allege facts which would establish a tort that can be pursued under the FTCA, and (3) the statute of limitations bars the suit.

A.   The United States Has Not Waived Sovereign Immunity for Tort Claims Arising Out of an Assault

Sovereign immunity protects the United States from suit absent a waiver of that immunity. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Under the FTCA, the United States has waived its sovereign immunity "for claims arising out of torts committed by federal employees." Ali v. Federal Bureau of Prisons, 552 U.S. 214, 217-018 (2008); 28 U.S.C. § 1346(b)(1) (authorizing a claim against the United States for "money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment").

However, the FTCA also exempts certain categories of claims from this waiver. Ali, 552 U.S. at 218. One of the categories of claims exempted from the waiver is intentional torts. Omegbu v. United States, 475 Fed. Appx. 628, 629 (7th Cir. 2012) (the FTCA "expressly excludes intentional tort claims"); 28 U.S.C. § 2680(h) (providing that § 1346(b) does not apply to claims arising out of assault).

The exception is not interpreted so broadly as to bar relief "where a plaintiff demonstrates that the government, in violation of a duty it owed to the victim, negligently allowed an intentional tort to occur independently of its employment relationship with the tortfeasor." LM ex rel. KM v. United States, 344 F.3d 695, 702 (7th Cir, 2003) (finding the United States was not liable for a mail carrier's sexual abuse of a child on his route and the act of temporarily reassigning the mail carrier to desk duty did not constitute a voluntarily undertaking to protect local children). For example, the intentional tort exception from the waiver of sovereign immunity did not bar a claim that the government was liable

for failing to prevent a foreseeable assault where the government voluntarily assumed a duty and liability would have attached even if the assailant had not been a federal employee. Sheridan v. United States, 487 U.S. 392, 395 (1988) (finding that "[b]y voluntarily adopting regulations that prohibit the possession of firearms on the naval base and that require all personnel to report the presence of any such firearm, [footnote omitted] and by further voluntarily undertaking to provide care to a person who was visibly drunk and visibly armed, the Government assumed responsibility to 'perform [its] "good Samaritan" task in a careful manner'").

Those types of facts are not present here. Plaintiff complains that a federal employee assaulted him. Plaintiff has not alleged anything that would suggest that the United States has voluntarily undertaken to prevent anyone from assaulting Plaintiff. Because the United States has not waived its sovereign immunity for tort claims arising out of assault, the United States is entitled to judgment on the pleadings on this claim.

B.   Plaintiff Fails to State a Claim for Negligence Under the FTCA

Plaintiff also fails to state a claim against the United States for negligence arising out of Willis' and McAfee's alleged failure to assist him. An act or omission is the basis of a suit under the FTCA if the act or omission constitutes negligence under the law of the state in which it occurred. Williams v. Centers for Disease Control & Prevention, 96 Fed. Appx. 399, 400 (7th Cir. 2004). Under Illinois law, "a plaintiff suing for negligence must allege that the defendant breached a duty of care owed to him and caused him harm." Id.

In this case, Plaintiff cannot show that the United States breached a duty of care owed to him or caused the harm he suffered (the increase in his taxes and the ultimate foreclosure on his home). In fact, all Plaintiff complains about regarding HUD, other than the alleged assault, is that HUD did not assist him and made mistakes that somehow caused Plaintiff to be unable to make his mortgage payments. Plaintiff does not allege what mistakes by HUD caused Plaintiff to be unable to make his mortgage payments or what duty HUD had to help Plaintiff make his mortgage payments. Because HUD did not owe Plaintiff a duty and did

not cause him any injury, Plaintiff has no basis for a claim under the FTCA. Williams, 96 Fed. Appx. at 400 (because the plaintiff did not allege that the defendant caused his infection, the agency did not owe him a duty under Illinois law). Because it appears beyond doubt that Plaintiff cannot prove any facts that would support his claim for relief, the United States is entitled to judgment on the pleadings on the negligence claim.

C.  Assuming Plaintiff Exhausted His Administrative Remedies, the Statute of Limitations Bars this Lawsuit

The United States also argues that Plaintiff's claims are barred by the statute of limitations because there is a two-year statute of limitations on claims brought pursuant to the FTCA.

Section § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Section

2401(b) has been interpreted as requiring a claim be filed with the federal agency within two years after the claim accrues <u>and</u> the action be brought within six months after the final denial of the claim.  <u>Unique Ins. Co. v. Linear</u>, 2007 WL 2973850, at *2 (N.D. Ill. 2007).

As this Court explained in its November 20, 2012 Opinion denying, in part, the United States' motions for summary judgment, issues of fact remain whether Plaintiff presented his claim to HUD within two years of the accrual of the claim and whether HUD mailed a denial of that claim by registered or certified mail.  <u>See</u> d/e 51, pp. 16-17.  This Court also noted in that Opinion that the United States did not raise a statute of limitations claim in the earlier motion.  <u>Id.</u> at 16.

Assuming that Plaintiff did sufficiently present his claim to HUD within two years of the accrual of his claim, Plaintiff's claim is nonetheless barred by the statute of limitations because he did not timely file his action in federal court.

On July 24, 2008, HUD sent Plaintiff a letter in response to Plaintiff's June 12, 2008 letter, which had complained about treatment

by the Chicago Regional Office.  If the July 24, 2008 HUD letter constitutes a denial of Plaintiff's claim, then Plaintiff's lawsuit is clearly untimely because this lawsuit was not filed until January 3, 2012, which is more than six months after the denial of Plaintiff's claim.  See Charlton v. United States, 743 F.2d 557, 558 (7th Cir. 1984) ("A suit must be filed in court within six months of a denial of the claim by the federal agency charged with the tort"); 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented").

 Even if the HUD letter was not a sufficient denial of Plaintiff's claim (because it was not mailed by registered or certified mail), Plaintiff's claim is still barred by the statute of limitations.  See 28 U.S.C. § 2401(b) (requiring the denial be sent by certified or registered mail); 28 U.S.C. § 2675(a) (same); 28 C.F.R. § 14.9 ("Final denial of an administrative claim shall be in writing and sent to the claimant . . . by

certified or registered mail").

Section 2675 provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). While some courts have interpreted § 2675(a) as giving a plaintiff an indefinite time to file in federal court, the Seventh Circuit has required filing within a "reasonable" time. Compare Miller v. United States, 741 F.2d 148, 150 (7th Cir. 1984) (finding the plaintiff could exercise her option to deem the inaction as a final decision "at any reasonable time" after the six-month period for sending the final decision expired) with Conn v. United States, 867 F.2d 916, 920-21 (6th Cir. 1989) (noting the holding in Miller but following district court cases out of Pennsylvania and Michigan that found that the six-month period is tolled so long as the claim is not finally denied, reasoning that the agency can simply deny the claim and cause the six-month period to being to run); see also Green v. Warden, MCC Chicago, 2008 WL 4866329, at *5 (N.D. Ill. 2008)

(finding that "[w]hen the agency does not formally deny an administrative tort claim within six months, the claimant may file suit in federal court and may, in effect, wait indefinitely before filing suit").

Assuming Plaintiff's June 12, 2008 letter was a claim, the six months HUD had to deny the claim elapsed on December 12, 2008. Plaintiff filed this lawsuit on January 3, 2012, over three years later. Such length of time is not reasonable, particularly where Plaintiff has admitted that he received a letter from HUD "disagreeing with him." See d/e 35.

### III.  CONCLUSION

For the reasons stated, the United States' Motion to Dismiss Claim Against the United States (d/e 53) is GRANTED.  The claims against the United States are DISMISSED WITH PREJUDICE.  CASE CLOSED.

ENTER: January 18, 2013

FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE